# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Bradley D. CARR, Attorney at Law.

Supreme Court

*No. 90–0688–D. Filed July 30, 1991.*

(Also reported in 471 N.W.2d 779.)

## *ORDER*

Attorney Bradley D. Carr filed a petition for the revocation by consent of his license to practice law in Wisconsin. Attorney Carr was admitted to practice law in Wisconsin in 1976 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding.

On July 5, 1991 the referee, Attorney Charles S. Van Sickle, filed his report, pursuant to SCR 21.10(2), in which he made findings of fact concerning Attorney Carr's professional misconduct. That misconduct consisted of Attorney Carr's having collected more than $12,000 from a client's customers by garnishment, depositing those funds into his savings account and using them for his personal purposes. In addition, he

placed cash payments received from his client's customers in his office, where they were accessible to his employees and to himself and from which he and some of his employees took funds for personal purposes, repaying them when they chose. Attorney Carr kept no records of the customers' cash payments and never accounted for those payments to his client.

The referee concluded that Attorney Carr engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of former SCR 20.04(4) [current SCR 20:8.4(c)]; failed to timely deposit client funds into a trust account, in violation of former SCR 20.50(1) [current SCR 20:1.15(a)]; and failed to promptly notify a client of the receipt of its funds, maintain complete records of those funds and appropriately account for them, in violation of former SCR 20.50(2) [current SCR 20:1.15(b)]. The referee recommended that Attorney Carr's petition for license revocation by consent be granted.

IT IS ORDERED that the petition for revocation by consent is granted and the license of Bradley D. Carr to practice law in Wisconsin is revoked, effective August 30, 1991.

IT IS FURTHER ORDERED that within 60 days of the date of this order Bradley D. Carr pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Bradley D. Carr comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

HEFFERNAN, C.J., did not participate.

Marilyn L. Graves
Clerk of Supreme Court