IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Bradley D. CARR, Attorney at Law.

Supreme Court

*No. 93–2162–D. Filed March 22, 1994.*

(Also reported in 513 N.W.2d 138.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney Bradley D. Carr to practice law in Wisconsin be suspended for a period of 60 days as discipline for his failure to file two state income tax returns timely. Because his license to practice law is currently revoked as discipline for other professional misconduct, the referee recommended that the 60-day license suspension be imposed effective the date Attorney Carr becomes eligible to seek reinstatement of his license from the revocation. We determine that the recommended 60-day license suspension is appropriate discipline to impose for Attorney Carr's misconduct

considered in this proceeding and that the effective date of that suspension be the date on which he becomes eligible to seek reinstatement of his license from the current revocation.

Attorney Carr was licensed to practice law in Wisconsin in 1976 and practiced in Milwaukee. The court revoked his license, effective August 30, 1991, as discipline for using client funds for personal purposes and failing to timely deposit client funds into a trust account and keep records of those funds. *Disciplinary Proceedings Against Carr,* 163 Wis. 2d 529, 471 N.W.2d 779 (1991).

The referee, the Hon. John A. Fiorenza, reserve judge, made the following findings of fact, pursuant to the parties' stipulation. In October, 1992, Attorney Carr pleaded no contest to one misdemeanor count of wilful failure to file timely an individual Wisconsin income tax return for 1988; a second similar count with respect to the tax return for 1989 was dismissed pursuant to a plea agreement. The court placed Attorney Carr on two years' probation, ordered him to complete 200 hours of community service and pay $49,534 restitution to the state and fined him $12,010. The referee concluded that Attorney Carr's failure to file his income tax returns timely violated a rule of conduct established by this court's decisions in prior disciplinary proceedings, contrary to SCR 20:8.4(f).[1]

We adopt the referee's findings of fact and conclusions of law and impose the recommended 60-day

---

[1] SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers;

license suspension. Pursuant to SCR 22.28(3),[2] Attorney Carr is eligible to petition for reinstatement of his license five years after the effective date of its revocation. Consequently, the 60-day license suspension imposed in this proceeding will become effective August 30, 1996 and Attorney Carr shall not be entitled to petition for license reinstatement until that period of suspension has expired.

IT IS ORDERED that the license of Bradley D. Carr to practice law in Wisconsin is suspended for a period of 60 days, commencing August 30, 1996, as discipline for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Bradley D. Carr pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Bradley D. Carr to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Bradley D. Carr comply with the provisions of SCR 22.26 concerning the

---

[2] SCR 22.28 provides:

**Reinstatement.**

. . .

(3) An attorney whose license is revoked or suspended for 6 months or more for misconduct or medical incapacity shall not resume practice until the license is reinstated by order of the supreme court. A petition for reinstatement may be filed at any time commencing, in the case of a license suspension, 3 months prior to the expiration of the suspension period or, in the case of a license revocation, 5 years after the effective date of revocation. A petition for reinstatement shall be filed with the court and a copy shall be filed with the administrator.

duties of a person whose license to practice law in Wisconsin has been suspended.